UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>CORDDARELL ROGERS,<br><br>         Defendant. | Criminal Action No. 19-49 (SRC)<br><br>**OPINION & ORDER** |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Corddarell Rogers ("Rogers"). On September 8, 2021, Defendant filed a motion for compassionate release from incarceration, due to confinement conditions involving Covid-19, or reduction of sentence. The Government has opposed the motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues, in short, that, in light of his medical history, the risk of illness with Covid-19 due to incarceration presents an extraordinary and compelling reason to reduce his sentence. The Government, in opposition, argues that the motion should be denied because Defendant has already been fully vaccinated against Covid-19, and because the Section 3553(a) factors do not warrant a reduction in sentence.

In making the present motion, Defendant has:

> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a

1

defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.)  The relevant provision states:

> (c) Modification of an imposed term of imprisonment.  The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set

>  forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Defendant moves for compassionate release on the ground that extraordinary and compelling reasons warrant a modification of his sentence. As a sister Court has explained:

> We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019). As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014). Defendant contends that he has diabetes, kidney failure, hypertension, obesity, fatty liver disease, and anemia, which make him vulnerable to developing serious disease if infected with Covid-19.

The Government argues that Defendant has not shown that extraordinary and compelling reasons warrant a reduction in sentence. The Government contends that his medical records do not support his claims of serious health problems, and has provided his Bureau of Prisons medical records for the Court's review. (Ex. A.) Indeed, his most recent health evaluation report, dated August 4, 2021, arrived at this overall assessment: "No Significant Findings/No Apparent Distress." (Ex. A at 3.) That report also documents that Defendant received two doses of a covid vaccine on April 6, 2021 and May 5, 2021. (Id.) Defendant thus received his second dose of the Covid-19 vaccine in May of 2021, and is now fully vaccinated against that disease. As a result of the protection against Covid-19 that Defendant now has, the Government

3

argues that the health risks of continued incarceration have been substantially reduced and do not constitute an extraordinary and compelling reason that warrants a reduction in sentence.

The Government next argues that the § 3553(a) factors militate strongly in favor of continued incarceration, and that Defendant is not an appropriate candidate for a reduction of his sentence, on three principal grounds: 1) Defendant's crime was serious, as he sold PCP during six controlled purchases over the course of three months; 2) this was Defendant's fifth narcotics-related conviction, and he has also had two felony convictions for aggravated assault, one with a deadly weapon, and one which caused bodily injury; and 3) Rogers's 87-month sentence was more than five years below the lowest end of the applicable advisory Guidelines.  The Government argues that, given Defendant's offense and his history, reducing his sentence would be contrary to the sentencing goals of deterrence and avoiding sentencing disparities.

This Court finds the Government's arguments persuasive.  The Third Circuit recently cited approvingly the Seventh Circuit's determination that "widespread availability of the COVID-19 vaccine within the Federal Bureau of Prisons likely eliminates [Defendant's] stated reason for release."  Garrett v. Murphy, 2021 U.S. App. LEXIS 32385, at *26 (3d Cir. Oct. 29, 2021) (citing United States v. Burgard, 857 F. App'x 254, 255 (7th Cir. 2021)).  Given that Defendant is fully vaccinated against Covid-19, and that his medical records do not support his claim of extraordinary medical vulnerability, the risk of that illness due to continued incarceration has been substantially reduced and does not constitute an extraordinary and compelling reason for a reduction in sentence.  This Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for a reduction in sentence.

For these reasons,

**IT IS** on this 21st day of December, 2021,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 30) is **DENIED**.

s/ Stanley R. Chesler<br>
Stanley R. Chesler, U.S.D.J